BRETT L. TOLMAN, U.S. Attorney (#8821)
STEPHEN J. SORENSON, Assistant U.S. Attorney (#3049)
Attorneys for the United States of America
185 South State Street, #400
Salt Lake City, Utah 84111
Telephone: (801) 524-5682
Email: Stephen.Sorenson@usdoj.gov
Associated Local Counsel

Mary Jo O'Neill   Az #005924 (Pro Hac Vice)
Sally C. Shanley AZ# 012251 (Pro Hac Vice)
EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
Phoenix District Office
3300 North Central Avenue, Suite 690
Phoenix, Arizona 85012
Telephone: (602) 640-5032
Email: mary.oneill@eeoc.gov
       sally.shanley@eeoc.gov

Loretta Medina  NM#5410 (Pro Hac Vice)
EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
Albuquerque Area Office
505 Marquette NW, Suite 900
Albuquerque, New Mexico 87102-2189
Email: loretta.medina@eeoc.gov

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| Equal Employment Opportunity Commission,<br><br>               Plaintiff,<br>vs.<br><br>Hamlet Development Corp., Hamlet Homes Corp., Stirling Mortgage Corp., and Diversified Habitats 1, L.L.C., ("the Hamlet Companies"),<br><br>               Defendants. | COMPLAINT AND JURY TRIAL DEMAND<br><br>CASE NO. 2:06CV751 DAK |

## NATURE OF ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct alleged unlawful employment practices on the bases of sex and retaliation and to provide appropriate relief to Julie Williams Sparks and a class of females who were adversely affected by such practices. Ms. Williams Sparks and other female ernployees were discriminated against by Defendants when they were sexually harassed by the owner and President of Hamlet Homes. In addition, Ms. Williams Sparks was subjected to retaliatory discharge because she opposed the harassment.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Sections 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e-5(f)(1) and (3) ("Title VII") and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the District of Utah, Central Division.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is

the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4.  At all relevant times, Defendants Hamlet Development Corp., Hamlet Homes, Corp., Stirling Mortgage Corp. and Diversified Habitats 1, L.L.C. (collectively "Defendants" or "the Hamlet Companies"), have been an integrated enterprise doing business as the Hamlet Companies. At all relevant times, Defendants have been Utah corporation(s) doing business in the State of Utah and the cities of Salt Lake and Murray and have continuously had at least 15 employees.

5.  At all relevant times, Defendants have continuously been employers engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## STATEMENT OF CLAIMS

6.  More than thirty days prior to the institution of this lawsuit, Julie Williams Sparks filed a charge with the Commission alleging violations of Title VII by Defendants. All conditions precedent to the institution of this lawsuit have been fulfilled

7.  Since at least September, 2002, Defendants have engaged in unlawful employment practices at their Utah facility, in violation of Section 703(a) of Title VII, 42 U.S.C. § 2000e-2(a), by subjecting Ms. Williams Sparks and a class of female employees to a hostile work environment due to sexual harassment. The sexual

harassment included but is not limited to:

    a. unwelcome touching of Ms. Williams Sparks and other females;

    b. unwelcome provocative comments or sexual innuendo to Ms. Williams Sparks and other females;

    c. unwelcome sexual jokes and comments about women's breasts or buttocks; and

    d. requiring Ms. Williams Sparks and other females to review sexually offensive e-mails as part of their job duties.

8. Since at least January, 2003, Defendant has engaged in unlawful retaliatory practices in violation of Section 704(a) of Title VII, 42 U.S.C. § 2000e-3(a). Defendants' retaliatory conduct included but was not limited to discharging Julie Williams Sparks because she opposed practices made unlawful by Title VII.

9. The effect of the practices complained of in paragraphs 7-8 above has been to deprive Ms. Williams Sparks and a class of females of equal employment opportunities and otherwise adversely affect their status as employees because of their sex and in retaliation for opposing practices made unlawful by Title VII.

10. The unlawful employment practices complained of in paragraphs 7-8 above were and are intentional.

11. The unlawful employment practices complained of in paragraphs 7-8 above were done with malice or with reckless indifference to the federally protected rights of Ms. Williams Sparks and a class of females.

## PRAYER FOR RELIEF

WHEREFORE, the Commission respectfully requests that this Court:

A.     Grant a permanent injunction enjoining Defendants, their officers, successors, assigns, and all persons in active concert or participation with them from engaging in sexual harassment, retaliation and any other employment practice which discriminates on the basis of sex or retaliation.

B.     Order Defendants to institute and carry out policies, practices, and programs which provide equal employment opportunities for women and those who oppose unlawful employment discrimination, and which eradicate the effects of their past and present unlawful employment practices.

C.     Order Defendants to make whole Ms. Williams Sparks by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of their unlawful employment practices including, but not limited to, rightful-place reinstatement of Ms. Williams Sparks.

D.     Order Defendants to make whole Ms. Williams Sparks and a class of females, by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described above, in amounts to be determined at trial.

E.     Order Defendants to make whole Ms. Williams Sparks and a class of females by providing compensation for past and future non-pecuniary losses resulting

from the unlawful.practices complained of in paragraphs 7-8 above, including emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, humiliation, and other nonpecuniary losses in amounts to be determined at trial.

  F. Order Defendants to pay Ms. Williams Sparks and a class of females punitive damages for their malicious and/or reckless conduct, described in paragraphs 7-8 above, in amounts to be determined at trial.

  G. Grant such further relief as the Court deems necessary and proper in the public interest.

  H. Award the Commission its costs of this action.

### JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

  RESPECTFULLY SUBMITTED this 7th day of September, 2006.

| | |
|---|---|
| Brett L. Tolman<br>United States Attorney | Ronald S. Cooper<br>General Counsel |
| s/Stephen J. Sorenson<br>Stephen J. Sorenson<br>Civil Chief | James L. Lee<br>Deputy General Counsel |
| | Gwendolyn Young Reams<br>Associate General Counsel |
| UNITED STATES ATTORNEY<br>185 S. State #400<br>Salt Lake City, Utah 84111 | EQUAL EMPLOYMENT OPPORTUNITY<br>COMMISSION<br>1801 L Street, N.W. |
| Associated Local Counsel for Plaintiff | Washington, D.C. 20507 |

s/ Mary Jo O'Neill
Mary Jo O'Neill
Regional Attorney

s/Sally C. Shanley
Sally C. Shanley
Supervisory Trial Attorney

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
Phoenix District Office
3300 N. Central Ave., Suite 690
Phoenix, Arizona 85012

s/Loretta Medina
Loretta Medina
Senior Trial Attorney

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
Albuquerque Area Office
505 Marquette NW, Suite 900
Albuquerque, New Mexico 87102-2189

Attorneys for Plaintiff